Dylan McFarland
KNIGHT NICASTRO MACKAY, LLC
283 W. Front Street, Suite 203
Missoula, Montana 59802
Telephone: (406) 206-5747
Facsimile: (303) 845-9299
mcfarland@knightnicastro.com



*Attorney for Plaintiff*

## MONTANA SECOND JUDICIAL DISTRICT COURT
## BUTTE-SILVER BOW COUNTY

| | |
|---|---|
| HAROLD WATTS,<br><br>Plaintiff,<br><br>vs.<br><br>DFA DAIRY BRANDS FLUID, LLC, a Delaware Corporation, d/b/a Meadow Gold Dairy, JOHN DOES 1-5,<br><br>Defendants. | Cause No.: DV-20-442<br>Dept. No.:ROBERT J WHELAN<br>JUDGE DEPT. II<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

COMES NOW, Plaintiff Harold Watts, by and through his undersigned counsel and respectfully submits his Complaint and Demand for Jury Trial and alleges as follows:

### PARTIES

1. Plaintiff, Harold Watts, is a citizen of Butte, Montana.

2. Defendant, DFA Dairy Brands Fluid, LLC, d/b/a/ Meadow Gold Dairies ("Meadow Gold"), is a Delaware Limited Liability Company registered to do business in Montana.

3. John Does 1-5 are unknown individuals or entities who may be liable, in whole or in part, to the Plaintiff for the allegations of this Complaint. If such individuals or entities are identified, Plaintiff reserves the right to seek leave of Court to amend the Complaint.

## JURISDICTION AND VENUE

4. Jurisdiction is proper in Butte-Silver Bow County, Montana under Mont. R. Civ. P. 4(b)(1) and Mont. Const. art. VII, § 4.

5. Venue is proper in Butte-Silver Bow County, Montana under Mont. Code Ann. §25-2-122(2)(b).

## FACTS

6. Plaintiff restates and re-alleges paragraphs 1 through 5 as if fully set forth herein.

7. Plaintiff was an employee of Meadow Gold for over 39 years.

8. Plaintiff had completed his probationary period.

9. On or about October 8, 2020, Plaintiff was informed he tested positive for COVID-19.

10. After Plaintiff received the results of his COVID-19 test on October 8, 2020, he followed all of Defendant's policies and procedures for reporting a positive test.

11. After Plaintiff tested positive for COVID-19, he was initially suspended from his employment on October 12, 2020 and then ultimately forced to resign/retire or be terminated on October 15, 2020, after over 39 years with the company.

12. In response to the ultimatum to resign/retire or be fired, Plaintiff was forced to retire from his job of over 39 years on or about October 15, 2020.

13. The Hobson's choice given to Plaintiff, whether to retire/resign or be terminated, constitutes discharge under Montana employment law.

14. Plaintiff was successful in the sales department and responsible for a book of business of nearly 900 clients at the time of his termination.

15. At the time of his termination, Plaintiff was the most senior member of the sales department in the State of Montana.

16. Plaintiff was not on a personal improvement plan when he was terminated.

17. Plaintiff had an exemplary employment record at the time he was given the ultimatum to resign or be fired.

18. Defendant did not have any policies or procedures which would allow for it to terminate Plaintiff for good cause for anything Plaintiff did or did not do.

19. Plaintiff was not discharged for good cause, or any cause for that matter.

## COUNT I - WRONGFUL DISCHARGE
Mont. Code Ann. § 39-2-904(1)(b)

20. Plaintiff restates and re-alleges paragraphs 1 through 19 as if fully set forth herein.

21. Plaintiff was Defendant's employee.

22. Plaintiff had completed his probationary period.

23. Plaintiff's discharge was not for good cause.

24. Defendant's discharge of Plaintiff was wrongful under Mont. Code Ann. § 39-2-904(1)(b).

25. Defendant's wrongful discharge caused Plaintiff damages in amounts to be proven at trial.

26. Plaintiff is entitled all damages provided under Mont. Code Ann. § 39-2-905(1).

## COUNT II – CONSTRUCTIVE DISCHARGE
Mont. Code Ann. § 39-2-903(1)

27. Plaintiff restates and realleges Paragraphs 1 through 26 as if fully set forth herein.

28. Defendant's discharge of Plaintiff was constructive under Mont. Code Ann. § 39-2-903(1).

29. Defendant created a situation in which Plaintiff, an objective, reasonable person, found that continued employment was so intolerable that voluntary termination was the only reasonable alternative.

30. Defendant's constructive discharge had nothing to do with a refusal to promote Plaintiff, or improve Plaintiff's wages, responsibilities, or other terms of Plaintiff's employment.

31. Defendant's ultimatum to Plaintiff to resign/retire or be terminated is discharge from employment under Montana law.

32. Defendant's constructive discharge caused Plaintiff damages in amounts to be proven at trial.

33. Plaintiff is entitled to all damages available under Mont. Code Ann. § 39-2-905(1).

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully prays for the following relief:

A. Judgment for Plaintiff;

B. For all remedies and damages provided by Mont. Code Ann. § 39-2-905(1);

C. For attorney fees and costs;

D. Interest; and

E. For such other relief as the Court deems just and reasonable.

## **DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff and demands a jury trial on all issues of fact in the above case.

DATED this 11th day of December, 2020.

                                  KNIGHT NICASTRO MACKAY, LLC

                                  By: _/s/ Dylan McFarland_
                                       Dylan McFarland
                                       *Attorney for Plaintiff*